UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO RODNEY,

      Plaintiff,                                            Case No. 08-13770

v.                                                        Hon. John Corbett O'Meara

MARY E. PETERS, *Secretary of*
*United States Department of Transportation,*

      Defendant.
_____/

**OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION TO DISMISS**

Before the court is Defendant's motion to dismiss, filed November 3, 2008. Plaintiff submitted a response on December 18, 2008; Defendant filed a reply brief on December 30, 2008. Pursuant to L.R. 7.1(e)(2), the court decided this matter on the briefs and without oral argument.

**BACKGROUND FACTS**

Plaintiff Lorenzo Rodney, who is African American, works for the Federal Aviation Administration as an aviation inspector. Plaintiff asserts that he was discriminated against on the basis of his race when his pay grade was reduced, while that of his white co-workers was not. Plaintiff's complaint states a claim of race discrimination under Title VII. Defendant seeks dismissal of Plaintiff's complaint on the ground that it is time barred.

Plaintiff first pursued his discrimination claim by filing a complaint with the Department of Transportation Equal Employment Opportunity office, on December 8, 2005. The DOT EEO office investigated and determined that Plaintiff was not discriminated against. This final agency decision was issued on June 13, 2007. Plaintiff could appeal this decision either to the EEOC

Office of Federal Operations ("EEOC OFO") within thirty days, or he could file a complaint in federal district court within ninety days. See Def.'s Ex. 11 (final agency decision). Plaintiff did not take either action.

In the meantime, however, he had requested a hearing before an EEOC administrative judge. The EEOC administrative judge dismissed his complaint because she determined that the United States Merit Systems Protection Board ("MSPB") had jurisdiction over the matter because it was a "mixed" case. Def's Ex. 9 (2/5/07 EEOC Order of Dismissal). See 29 C.F.R. § 1614.302(a).[1] Plaintiff then appealed to the MSPB on February 9, 2007.

On January 23, 2008, the MSPB issued a finding that it lacked jurisdiction over his claims. Def's Ex. 14. Plaintiff then petitioned the EEOC OFO to review the MSPB's decision. On April 15, 2008, the EEOC OFO denied consideration of Plaintiff's petition. Def.'s Ex. 16. The EEOC OFO concluded that the matter should proceed as a non-mixed case and referred it for further processing by the DOT. The decision informed Plaintiff of his right to request a hearing before an EEOC administrative law judge and that he had thirty days from receipt of the decision to file a complaint in federal district court. Id.  Because of a clerical error, the EEOC OFO reissued the decision on June 6, 2008, the date that governs for the filing deadlines.

Plaintiff did not file this action within thirty days of June 6, 2008. Rather, Plaintiff filed his complaint on September 3, 2008.

---

[1] A "mixed" case involves an allegation of illegal employment discrimination in a personnel action appealable to the MSPB, such as a reduction in pay grade or suspension. See 29 C.F.R. § 1614.302(a). A mixed case complaint is initiated through the EEO office of a federal agency, and a mixed case appeal is commenced before the MSPB. See 29 C.F.R. § 1614.302(b). An aggrieved employee may proceed either before the agency EEO office or the MSPB, but not both. Id.

## LAW AND ANALYSIS

In order to file an action pursuant to Title VII, a plaintiff must comply with administrative exhaustion requirements and time limitations. See Graham-Humphreys v Memhis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000). Pursuant to 42 U.S.C. § 2000e-16(c) and 29 C.F.R.§ 1614.407(c), a federal action must be filed within ninety days of receiving notice of a final decision by the EEOC.

> The federal courts have strictly enforced Title VII's ninety-day statutory limit. In Baldwin County Welcome Center v. Brown, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam), an opinion that dismissed a pro se Title VII complaint filed outside of limitations, the Supreme Court stated that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Id. at 152, 104 S.Ct. 1723. In Mohasco Corp. v. Silver 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), the Court further explained that "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Id. at 826, 100 S.Ct. 2486.

Graham-Humphreys v Memphis Brooks Museum of Art, Inc.,209 F.3d 552, 557 (6th Cir. 2000).

Plaintiff did not file this action within ninety days of the final agency decision, issued June 13, 2007. Nor did Plaintiff file this action within thirty days of the EEOC OFO denial of consideration, which was re-issued June 6, 2008. Def.'s Exs. 16, 17. See 5 U.S.C. § 7702(a)(3)(B) and 29 C.F.R. § 1614.310(c) (imposing thirty-day deadline).

Plaintiff contends that the DOT failed to comply with the EEOC OFO's June 6, 2008 order to continue processing this matter administratively by issuing a copy of the investigative file and informing Plaintiff of the right to a hearing before an EEOC administrative law judge. See Def.'s Ex. 16 at 2. The agency had already issued a final decision on June 13, 2007,

however.  Further, to the extent Plaintiff believed that the agency did not comply with the EEOC's order, the order itself provided Plaintiff with options for obtaining enforcement.  See Def.'s Ex. 16 at 2 ("If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. . . .").  Plaintiff apparently did not avail himself of these enforcement mechanisms.  In any event, Plaintiff has not submitted any authority for the proposition that his failure to file a timely complaint in this court can be excused.

Accordingly, IT IS HEREBY ORDERED that Defendant's November 3, 2008 motion to dismiss is GRANTED and Plaintiff's complaint is DISMISSED.

s/John Corbett O'Meara
UNITED STATES DISTRICT JUDGE

Date:  January 29, 2009

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, January 29, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager